# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DIANA ROBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 13-1267-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Commissioner's decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.    Background

Plaintiff applied for SSD and SSI benefits, alleging disability beginning December 31, 2008. (R. 9, 132-41). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She

alleges the Administrative Law Judge (ALJ) erred in evaluating her residual functional capacity (RFC).

The court's review is guided by the Act. <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>accord</u>, <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Wall</u>, 561 F.3d at 1052; <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

2

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

3

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

## II.    Discussion

Plaintiff claims that substantial evidence does not support the ALJ's RFC

assessment because the record evidence does not support the ALJ's determination to

accord significant weight to the non-examining source medical opinion of the state

agency consultant, Dr. Singh.  She argues this is so because Dr. Singh's opinion is

inconsistent with the report of the consultative examination of Dr. Hughey and the

medical evidence as a whole, and is contradicted by record evidence.  She argues that the

ALJ articulated only one reason to accord weight to Dr. Singh's opinion--that Dr. Singh

had reviewed all of the medical evidence of record--and that this reason is both erroneous

and insufficient.  She argues that the "preponderance of the evidence shows that

[Plaintiff] could not perform more than a sedentary job."  (Pl. Br. 11).

The Commissioner argues that the ALJ properly accorded Dr. Singh's opinion

substantial weight--that Dr. Singh reviewed the entire record as it was constituted when

he formulated his opinion, and that the later-received evidence was largely state agency

medical opinions and treatment records related primarily to Plaintiff's vision which would

not suggest a need to change Dr. Singh's opinion.  She argues that the ALJ did not rely

solely on Dr. Singh's opinion to assess RFC, but performed his own evaluation of the

record evidence--including both the medical evidence and the nonmedical evidence.  She

points out that there is no other medical opinion in the record suggesting greater

4

limitations than those assessed by the ALJ, and argues that the need for express analysis is weakened in a case such as this where the ALJ does not need to reject or weigh other medical opinions unfavorably.

The ALJ found that Plaintiff has the severe impairments of obesity, blindness in the left eye, and swelling in the lower extremities, and based his RFC assessment upon limitations caused by those impairments.  (R. 11).  He found that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently and could sit, or stand and walk, up to six hours in an eight-hour workday, but that she must work at a job that allows her to alternate between sitting and standing at 30 minute intervals.  He found that she must never climb ladders, ropes, or scaffold, but could occasionally climb ramps and stairs, and that she may only occasionally perform each of the other postural movements.  He found that Plaintiff is limited to jobs which do not require binocular vision or peripheral vision to the left, that she must avoid prolonged exposure to temperature extremes and all exposure to unprotected heights and hazardous machinery.  Plaintiff's allegations of error relate to the ALJ's evaluation of Dr. Singh's medical opinion and not to the restrictions assessed based upon vision impairments.

Plaintiff's first argument appears to be that, because  Dr. Singh's opinion is contained in a "check-box form unaccompanied by a thorough written report," it is simply not substantial evidence and, therefore, may not be relied upon by the ALJ.  (Pl. Br. 10) (citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987); and Fleetwood v. Barnhart, 211 F. App'x 736, 740 (10th Cir. 2007)).  Plaintiff recognizes that in the past this court

has distinguished the holding in <u>Frey</u> in cases where the record contained the opinions of

only state agency consultants, which this court found credible.  <u>Id.</u> (citing <u>Hokanson v.

Astrue</u>, Civ. A. 10-1403-JWL, 2011 WL 5506284 at *10-11 (D. Kan Nov. 9, 2011); and

<u>Howard v. Astrue</u>, Civ. A. 11-1035-JWL, 2011 WL 6151408 at *10 (D. Kan. Dec. 12,

2011)).

      Plaintiff's argument misses the point of the courts' holdings in <u>Frey</u>, <u>Fleetwood</u>,

<u>Hokanson</u>, and <u>Howard</u>.  The principle of <u>Frey</u> and <u>Fleetwood</u> is not that an RFC

assessment produced on a check-box form and unaccompanied by a thorough written

report may never be relied upon by an ALJ.  The point is that in every case an ALJ must

evaluate <u>all</u> of the record evidence, and his opinion must be supported by substantial

evidence in the record.  Early in its opinion, the <u>Frey</u> court discussed the district court's

findings of fact, and explained the meaning of "substantial evidence" in disability

evaluation:

> The district court judge made extensive and careful findings of fact, twenty-
> three in all, with which we find ourselves largely in agreement.  However,
> these facts do not constitute substantial evidence from which the ALJ could
> properly conclude under the law and regulations that Frey was not disabled.
> In reviewing this decision it is accepted doctrine that the ALJ's
> determination of disability will be affirmed if it is supported by substantial
> evidence, "such relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion."  <u>Turner v. Heckler</u>, 754 F.2d 326, 328
> (10th Cir. 1985) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91
> S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

>> This oft-cited language is not a talismanic formula for
>> adjudication; the determination is not merely a quantitative
>> exercise.  Evidence is not substantial "if it is overwhelmed by
>> other evidence—particularly certain types of evidence (e.g.,

that offered by treating physicians) or if it really constitutes
not evidence but mere conclusion."

Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting Kent v.
Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).

Frey, 816 F.2d at 511-12.

In Frey, four physicians provided opinions regarding plaintiff's medical condition:

Dr. Warden, a board-certified family practitioner who was plaintiff's treating physician;

Dr. Johns, a chiropractor, who treated plaintiff for over fourteen years; Dr. Christiansen,

who performed a consultative examination for the Social Security Administration; and

Dr. Gabbert, who performed a second consultative examination for the agency. Frey, 816

F.2d at 513-14.  The ALJ rejected Dr. Warden's testimony and Dr. Johns's reports in

favor of Dr. Gabbert's report, stating that Dr. Gabbert had no interest in the outcome

whereas "[t]he family doctor naturally advocates his patient's cause."  Id., 816 F.2d at

513.  The appeals court found insufficient basis in the record to discount the treating

physicians' opinions, noting:  (1) "the fact that certain selected tests were not performed

is insufficient reason to disregard the findings of those treating physicians; (2) "findings

of a nontreating physician based on limited contact and examination are of suspect

reliability," and Dr. Gabbert's report "consists solely of boxes checked on the

[Commissioner's] form to indicate his conclusion of no limitation on right arm use.  Such

evaluation forms, standing alone, unaccompanied by thorough written reports or

persuasive testimony, are not substantial evidence;" and (3) the assertion that a doctor

naturally advocates for his patient is conclusory, and contradicts the established legal rule.

_Frey_, 816 F.2d at 514-15.  The _Frey_ court concluded "that the ALJ erred in rejecting the treating physicians' testimony and reports.  In the context of the treating physicians' evidence, the consultant physician's report does not constitute substantial evidence to support the ALJ's finding that Frey retained the capacity to perform a full range of sedentary work."  Id. at 515 (emphasis added).

The court's holding in _Fleetwood_ is to a similar effect.  There, the court noted that the state agency's "check-the-box evaluation forms, 'standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence.' " 211 F. App'x at 740 (quoting _Frey_, 816 F.2d at 515).  It concluded that the ALJ in that case failed to develop a sufficient record and that his RFC assessment was conclusory and unsupported with reasoning, and remanded the case for further proceedings.  Id. at 741. To the extent that Plaintiff is arguing that _Fleetwood_ extended the holding of _Frey_ to require that the Commissioner's forms are never sufficient evidence upon which an ALJ may rely, the court notes that is not the holding of _Frey_, and that _Fleetwood_ is an unpublished opinion which is not binding precedent.

In _Hokanson_ and _Howard_, this court recognized that the opinion expressed in the check-box form in _Frey_ was not substantial evidence because it was not sufficient to overcome the weight of the well-supported opinions of three other doctors presented in that case.  However in a case such as _Hokanson_, _Howard_, or this case, where there is no treating source medical opinion, the check-the-box form completed by the state agency physician or psychologist may be substantial evidence in the record upon which an ALJ

may rely and base his RFC assessment.  It is a matter for the ALJ to weigh all of the

record evidence in accordance with the Act, the regulations and rulings, and the case law,

and to thereby assess RFC.  20 C.F.R. §§ 404.1545-1546, 416.945-946; Soc. Sec. Ruling

(SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 143-51 (Supp. 2014).  As the

Commissioner points out in her brief, the Tenth Circuit has long recognized that "[w]hen

the ALJ does not need to reject or weigh evidence unfavorably in order to determine a

claimant's RFC, the need for express analysis is weakened."  (Comm'r Br. 9) citing

Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004); see also, Wall, 561 F.3d at

1068-69; Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161-62 (10th Cir. 2012); Mays v.

Colvin, 739 F.3d 569, 578-79 (10th Cir. 2014).  It is not error for an ALJ to rely, at least

in part, upon a check-the-box form signed by a state agency medical consultant in

assessing RFC, even if that form is unaccompanied by a thorough written report.

   In his decision, the ALJ discussed the weight accorded to Dr. Singh's opinion:

"As to the leg swelling, there are no noted limitations by any treating sources and the

claimant has not been seen regularly by a primary care physician since early 2010.

Significant weight is given to the opinions of the initial level State agency medical

consultant, who reviewed all the medical evidence of record and concluded that the

claimant has the capacity for light work.  (Exhibit 8F [(R. 458-64)])."

   "Medical opinions are statements from physicians and psychologists or other

acceptable medical sources that reflect judgments about the nature and severity of [a

claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Such opinions may not be ignored and,

where there is no treating source opinion, all medical opinions will be evaluated by the

Commissioner in accordance with factors contained in the regulations.  Id.

§§ 404.1527(c), 416.927(c); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-

24 (Supp. 2014).

Those factors are:  (1) length of treatment relationship and frequency of

examination; (2) the nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing performed; (3) the degree to

which the physician's opinion is supported by relevant evidence; (4) consistency between

the opinion and the record as a whole; (5) whether or not the physician is a specialist in

the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's

attention which tend to support or contradict the opinion.  Watkins v. Barnhart, 350 F.3d

1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); see also

Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of

Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not

insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the

treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue,

509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the regulatory factors, the ALJ must give good reasons in his

decision for the weight he ultimately assigns a medical opinion.  If the ALJ rejects an

opinion completely, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

Plaintiff's argument that the ALJ's only reason for according substantial weight to Dr. Singh's opinion was that Dr. Singh had reviewed all of the medical evidence is unpersuasive.  As quoted above, the ALJ stated three bases for according substantial weight to Dr. Singh's opinion:  (1) no treating sources provided limitations to Plaintiff's capabilities, (2) Plaintiff had not been seen regularly by a primary care physician since early 2010, and (3) Dr. Singh's opinion was formulated after he reviewed all of the medical evidence.  (R. 14).  Plaintiff argues that the third reason is misleading because exhibits 9F through 19F of the medical record were not received until after Dr. Singh formulated his opinion.  While Plaintiff's argument is correct, it is also without merit. First, the responsibility for assessing RFC lies with the ALJ, and he considered all of the record evidence, even the evidence received into the record after Dr. Singh's opinion.  He determined to give Dr. Singh's opinion significant weight regarding exertional limitations, postural limitations, manipulative limitations, communicative limitations, and environmental limitations; but he discounted Dr. Singh's opinion regarding visual limitations, and gave significant weight to the visual limitations assigned by the state agency medical consultant who completed the reconsideration physical RFC assessment form, Dr. Coleman.  (R. 14) (citing Exhibit 14F (R. 477-84)).  Moreover, the Commissioner correctly points out that the medical records received into the record after Dr. Singh's opinion were primarily subsequent state agency medical opinions (Exhibits

11

9F-14F (R. 465-84)), and vision-related treatment records.  (Exhibits 15F-19F (R. 485-521)).  The only exception was a portion of Exhibit 15F relating to an emergency room visit at St. Francis Health Center on October 30, 2011 complaining of extremity pain and swelling.  (R. 500-07).

Plaintiff argues that Dr. Singh's opinion is contrary to Dr. Hughey's consultative exam because Dr. Hughey "observed severe peripheral edema that resulted in an antalgic gait, a moderate limp to the right, severe difficulty with orthopedic maneuvers [(hopping, squatting, and arising, but only mild difficulty getting on and off the examining table, and moderate difficulty heel and toe walking)], and limited range of motion in the ankles and knees," and "Dr. Singh's opinion that [Ms.] Robb would have no limitations in station and ambulation runs contrary to the evidence."  (Pl. Br. 12).  Plaintiff's characterization of Dr. Hughey's report is correct with the additions noted by the court above.  But, as Plaintiff tacitly admits, Dr. Hughey's report was in the record and was reviewed by Dr. Singh in formulating his opinion.  Moreover, the ALJ discussed Dr. Hughey's report and mentioned each of the facts argued in Plaintiff's brief, and more:

> [Dr. Hughey] also evaluated her leg swelling and she reported some swelling in her arms.  Her grip strength and dexterity in her upper extremities were normal.  There was swelling limiting range of motion that included the knee and ankle.  The claimant was observed to limp to the right.  She had difficulty with orthopedic maneuvers (squatting, hopping and heel/toe walking).  Dr. Hughey concluded that this was edema and she was noted to be overweight at 235 pounds.  There was no inflammatory change, ulcerations or stasis changes.  Dr. Hughey recommended medical management and compression stockings (Exhibit 7F [(R. 453-57)]).

(R. 13).

12

Clearly Plaintiff believes the facts as found by Dr. Hughey, considered by Dr. Singh, and summarized by the ALJ, require greater limitations than opined by Dr. Singh or assessed by the ALJ.  However, she does not cite to medical, legal, or other authority requiring that conclusion.  Plaintiff argues that Dr. Singh opined that Plaintiff had no limitations in station and ambulation, but the record does not bear that out.  Dr. Singh opined that Plaintiff can never climb ladders, ropes, or scaffolds, and that she can only perform other postural maneuvers occasionally, and stated that these limitations were due to peripheral edema.  (R. 461).  Moreover, the ALJ added the limitation that Plaintiff is limited to jobs that allow alternation between sitting and standing at 30 minute intervals. And, Plaintiff does not point to additional limitations in station and ambulation which are required by the record evidence.

Plaintiff argues that the ALJ erred because he determined that Plaintiff must alternate sitting and standing but did not explain why he chose not to accept that portion of Dr. Singh's opinion which did not include such alternation.  (Pl. Br. 13) (citing Luzier v. Astrue, Civ. A. 10-1186-JWL, 2011 WL 2470243, *5-7 (D. Kan. June 20, 2011).  To be sure, when a medical source opines that a claimant has a limitation, and the ALJ determines not to assess that limitation, the ALJ must explain why he did not adopt the medical opinion.  Luzier, 2011 WL 2470243 at *4, 5; SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp 2014).  But, as the Commissioner points out, the ALJ's failure to explain why he chose a greater limitation, which is more favorable to

Plaintiff, does not require remand.  (Comm'r Br. 11) (citing Keyes-Zachary, 695 F.3d at 1163 n.2; Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012)).

Plaintiff's citation of record evidence which, in her view, supports a finding that she is limited to sedentary work, and her argument that the "preponderance of the evidence shows that [Plaintiff] could not perform more than a sedentary job" (Pl. Br. 11), misunderstands the standard for reviewing a decision of the Social Security Administration.  As noted earlier in this decision, the court must determine whether the ALJ's factual findings are supported by substantial evidence in the record.  Lax, 489 F.3d at 1084; accord, White, 287 F.3d at 905.  Substantial evidence is more than a scintilla, but it is less than a preponderance.  Richardson, 402 U.S. at 401; Wall, 561 F.3d at 1052; Gossett, 862 F.2d at 804.  Moreover, Plaintiff must demonstrate the error in the ALJ's rationale or finding; the mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (same).

Plaintiff has shown no error in the Commissioner's decision.

14

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

Dated this 8th day of August 2014, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**